UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARDELL INNIS,
    Petitioner,

v.                                                            CIVIL ACTION NO. 16-12053-IT

DOUGLAS DEMOURS,
    Respondent.

REPORT AND RECOMMENDATION
ON HABEAS CORPUS PETITION (#1)
AND MOTION FOR EQUITABLE TOLLING (#23).

KELLEY, U.S.M.J.

I. INTRODUCTION.

Ardell Innis, *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (#1.) Respondent moved to dismiss the petition on the grounds that the petition is time-barred. (#20.) Petitioner filed a motion to invoke equitable tolling of the one-year time period in which to file; respondent opposed that motion. (##23, 28.)

For the reasons set out below, this court recommends that the district court find that the petition is time-barred and that petitioner has not demonstrated "extraordinary circumstances" warranting application of the equitable tolling doctrine.

II. PROCEDURAL BACKGROUND.

On July 13, 2007, petitioner was convicted after a jury trial in a Massachusetts Superior Court of home invasion and assault and battery (the 2007 convictions). He was sentenced to two and one-half years in a house of correction followed by seven years of probation, and the trial

judge retained personal jurisdiction. *See Commonwealth. v. Innis*, 89 Mass. App. Ct. 1124, *1, *review denied*, 475 Mass. 1101 (2016).

In October 2010, petitioner was charged in a Massachusetts District Court with possession with intent to distribute a class D substance (marijuana), improper storage of a firearm, and possession of a firearm and ammunition without an FID card. (#20-1 (Innis's District Court criminal docket) at 2.) This new case triggered a notice of surrender of probation on the 2007 convictions. *Commonwealth v. Innis*, 89 Mass App. Ct. 1124, at *1. Petitioner pled guilty to the District Court charges on May 12, 2011 and received a sentence of two years in the house of correction. (#20-1 at 3-4, 7 (sentence corrected from two and one-half years to two years).) On June 20, 2011, petitioner admitted to violating probation on the 2007 convictions and the judge imposed the minimum mandatory sentence of twenty years.[1] *Commonwealth v. Innis*, 89 Mass App. Ct. 1124, at *1.

On March 20, 2015, petitioner, represented by new counsel, filed a motion for new trial, styled as a motion to withdraw the guilty pleas to the District Court charges, under Massachusetts Rule of Criminal Procedure 30(b), supported by affidavits from the petitioner, plea counsel, and new counsel. (#20-1 at 8.) The motion was denied on July 1, 2015; petitioner filed a notice of appeal on July 8, 2015. *Id*.

---

[1] Neither party has provided the court with the docket sheet from the 2007 convictions. An affidavit by the attorney who represented Innis in the Superior Court probation revocation case states that Innis was convicted of Mass. Gen. Laws ch. 265, § 18C, armed home invasion, which carries a twenty-year minimum mandatory sentence. (#24-2 at 5.) The Supreme Judicial Court has held that although it "may seem contrary to common sense," the statute permits a judge to impose a sentence of probation in lieu of the minimum mandatory sentence. *Commonwealth v. Zapata*, 455 Mass. 530, 535 (2009). The attorney states that Innis was sentenced to two and one-half years in the house of correction on the assault and battery charge and seven years of probation on the armed home invasion charge; thus when he was found to be in violation of probation he was sentenced to the minimum mandatory sentence of twenty years. (#24-2 at 2-3.)

The Massachusetts Appeals Court (MAC) affirmed the trial court's order denying the motion for new trial on May 17, 2016. *Commonwealth v. Innis*, 89 Mass App. Ct. 1124. The Supreme Judicial Court denied the petitioner's request for further appellate review on July 21, 2016. *Commonwealth v. Innis*, 475 Mass. 1101 (2016). Petitioner filed his petition for a writ of habeas corpus on October 13, 2016. (#1.)

### III. THE MASSACHUSETTS APPEALS COURT'S OPINION.

The MAC recounted the facts concerning the district court case:

At approximately 4:00 p.m. on October 26, 2010, Massachusetts State police Trooper Scott Driscoll was observing traffic in the town of Ware when he observed a green Saab with what he believed to be excessively tinted windows. Driscoll activated his emergency lights and the Saab eventually stopped. As he approached the driver's side, Driscoll saw the driver bending at his waist and moving from side to side. He also saw the driver's hands go out of his sight, moving toward the center console area. The driver identified himself as the defendant, although he had no license or registration in his possession. As the defendant 'began to frantically search for the registration,' Driscoll observed that his hands were shaking, his chest was heaving, and he appeared very nervous. Driscoll also noticed a moderate odor of fresh marijuana emanating from the passenger compartment. A female was sitting in the front seat and staring straight ahead, avoiding all eye contact with Driscoll. Driscoll ordered the defendant to exit the vehicle and pat frisked him for weapons; none were found. He then secured the defendant in the back seat of his cruiser and returned to the Saab to speak with the passenger.

After receiving a negative response from the passenger regarding her knowledge of the marijuana smell, despite the trooper's detection of a 'moderate odor of fresh marijuana,' and in light of the defendant's earlier movements, Driscoll searched the Saab for weapons. He first searched the driver's side door pocket, where he found a small amount of marijuana. Next, he opened a black brief case sitting on the floor behind the front passenger seat, where he discovered one large 'zip-loc' bag and two knotted plastic baggies of marijuana, packaging materials, and a silver grinder. In the rear seat center arm rest compartment he discovered a large zip[-]loc bag of marijuana and a digital scale. In the pocket behind the passenger seat, he discovered a loaded firearm. After the defendant and the passenger stated that they did not have firearm identification (FID) cards, Driscoll placed both of them under arrest. A criminal complaint issued, charging the defendant with possession with intent to distribute a class D substance, improper storage of a firearm, and possession of a firearm and ammunition without an FID card [. . .] .

*Commonwealth v. Innis*, 89 Mass. App. Ct. 1124, at *1.

As the MAC explained, petitioner asserted in his motion for new trial that his pleas were not intelligent or voluntary because plea counsel's failure to file a motion to suppress the evidence seized in that case deprived him of the effective assistance of counsel.[2] *Id*. at *2. The MAC disagreed, noting that even if a motion to suppress in the district court case had been successful, "the contraband found would have been admissible at the probation revocation hearing." *Id*. (citing *Commonwealth v. Olsen*, 405 Mass. 491 (1989)). Further, as established by the affidavits submitted in support of the motion to vacate the pleas, the upshot of the agreement among Innis's attorneys was that plea counsel pursued a strategy that he believed all counsel had agreed on: that if Innis received the longest sentence possible on the District Court cases, the Superior Court judge might not feel compelled to impose the twenty-year minimum mandatory on the probation revocation matter. "That strategy made sense, and the fact that it ultimately was unsuccessful does not mean that plea counsel was ineffective." *Id*.

---

[2] Petitioner's motion to vacate the guilty pleas is not part of the record, but the Commonwealth's Opposition is, *see* #1-1. The basis for the motion apparently was that District Court trial counsel should have litigated a motion to suppress. (#1-1 at 9.) Respondent convincingly argues that the motion would not have been allowed. *Id*. at 9-11. Further, as the MAC found in its decision, it is clear that under Massachusetts law, even if a motion to suppress had been allowed, the exclusionary rule would not have applied at the probation violation hearing. *Id*. at 12. Superior Court counsel's affidavit suggests that the agreed-upon strategy was for the District Court attorney not only to litigate a motion to suppress but to also take the case to trial (#24-2 at 3), however, the MAC found that this was not the understanding of the District Court attorney concerning the strategy. *See Commonwealth v. Innis*, 89 Mass. App. Ct. 1124, at *2 ("Here, plea counsel pursued the strategy that he believed all parties had agreed on."). Since this court finds that the petition is time-barred, it does not reach the question of the merits of the petition, however, the court notes that it would be bound to accept the state court findings of fact unless convinced by clear and convincing evidence that they are in error. *McCambridge v. Hall*, 303 F.3d 24, 26 (1st Cir. 2002) (en banc). The facts as found by the MAC indicate that even if it was not time-barred, the petition would be denied on the merits.

IV. TIMELINESS OF THE PETITION.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for a one-year statute of limitations, which runs from the day "the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] The statute of limitations is tolled while a "properly filed application for state collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Pursuing collateral review does not "reset the clock on the limitations period . . . but merely stops it temporarily, until the relevant applications for review are ruled upon." *Trapp v. Spencer*, 479 F.3d 53, 58-59 (1st Cir. 2007), *abrogated on other grounds by Holland v. Florida*, 560 U.S. 631, 649 (2010). "Accordingly, § 2244(d)(2) cannot revive a time period that has already expired." *Bermudez v. Roden*, No. 14-CV-10257-IT, 2016 WL 4007553, at *2 (D. Mass. July 26, 2017) (citing *Cordle v. Guarino*, 428 F.3d 46, 48 n. 4 (1st Cir. 2005)).

Petitioner pled guilty to the District Court charges on May 12, 2011. (#20-1 at 7.) He filed his motion to withdraw the guilty pleas almost four years later, on March 20, 2015. *Id*. at 8. Had he filed the motion to withdraw the guilty pleas during the one-year time period in which to file his petition, that collateral motion would have tolled the statute of limitations. *See Holmes v. Spencer*, 685 F.3d 51, 57 (1st Cir. 2012); *Bermudez*, 2016 WL 4007553, at*2 (collecting cases holding that while a 30(b) motion is a form of collateral review that tolls the AEDPA clock, it

---

[3] Other dates which could extend the statute of limitations under 28 U.S.C. § 2244 (d)(1) are not applicable here: State action did not create an impediment in violation of federal laws that prevented petitioner from timely filing his petition; no new constitutional right was recognized by the Supreme Court; and while petitioner claims that the affidavit from Superior Court counsel that he filed in support of the motion for new trial was "newly discovered evidence" in support of petitioner's claim that his District Court counsel was ineffective, (#1 at 12), in fact, as discussed in Part V, there is nothing in the record to establish that the affidavit could not have been discovered "through the exercise of due diligence" earlier than four years after the petitioner pled guilty in District Court.

must be filed within the one-year time period). Obviously, he did not do that. The filing of the motion did not revive the one-year statute of limitations; Innis's petition is therefore out of time.

## V. THERE IS NO BASIS TO TOLL THE STATUTE OF LIMITATIONS.

A petitioner seeking equitable tolling must show that some "extraordinary circumstance" prevented him from filing on time and that he has pursued diligently his rights. *Lawrence*, 549 U.S. at 336. "Equitable tolling . . . is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002); *Brackett v. United States*, 270 F.3d 60, 67 (1st Cir. 2001) (describing equitable tolling of § 2254 claims as a "narrow safety valve[]" reserved for "instances of clear injustice"). Although petitioner alleges in his pleading that he had difficulty getting the Superior Court attorney to write the affidavit that formed the basis for his motion for new trial, he offers no details or support for that claim. *See* #24 at 2. Petitioner's motion to toll the statute of limitations (#23) should be denied. *See Neverson v. Farquharson*, 366 F.3d 32, 43 (1st Cir. 2004) (equitable tolling not appropriate where petitioner gave no reason why he could not have presented argument during one-year time period).

## VI. CONCLUSION.

For the reasons stated above, I RECOMMEND that Petitioner's habeas petition (#1) and his motion for equitable tolling (#23) be DENIED.

## VII. REVIEW BY DISTRICT JUDGE.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The

parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

August 7, 2017

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge